IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH COX, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-862-F |
| ) | |
| THE STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, filed a petition for a writ of habeas corpus challenging a sentence revocation, Doc. 1, and then an application for writ of habeas corpus complaining about his medical treatment. Doc. 8. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined Petitioner's application for writ of habeas corpus, Doc. 8, and recommends that the court dismiss it on filing.

I. Analysis.

In his application for writ of habeas corpus, Petitioner complains that he is receiving improper medical care and asks the court to order prison officials to transfer him back "under the care of the specialist of neurology at

O.U. medical center . . . ." Doc. 8, at 3. These claims relate to the conditions of Petitioner's confinement rather than to his conviction. So, the court cannot entertain these claims in a habeas action, as 42 U.S.C. § 1983 would provide the exclusive remedy. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings." (citations omitted)); *Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (affirming the district court's ruling that inmate must raise concerns regarding his medical treatment in a 42 U.S.C. § 1983 complaint, and not in a petition for writ of habeas corpus, because "Knox did not challenge the fact or duration of his confinement, merely the conditions[.] . . .").

For this reason, the undersigned recommends that the court dismiss Petitioner's application for writ of habeas corpus, Doc. 8. The court should instruct Petitioner that if he wishes to pursue these claims he must file a separate 42 U.S.C. § 1983 complaint.

## II. Notice of right to object.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court by September 8, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this

2

report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation does not terminate the referral.[1]

ENTERED this 17th day of August, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned has ordered Respondent to address Petitioner's original petition for writ of habeas corpus.