# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH COX, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-862-F |
| THE STATE OF OKLAHOMA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, filed a petition for a writ of habeas corpus seeking to have prison officials "remove CRF-10-51" from his record, Doc. 1,[1] and an application for writ of habeas corpus complaining about his medical treatment. Doc. 8. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C), and the undersigned recommended that the court dismiss Petitioner's second application for writ of habeas corpus (Doc. 8). Doc. 10. The court adopted the recommendation. Doc. 15.

---

[1] In a previous recommendation, the undersigned characterized Petitioner's initial habeas petition as challenging a sentence revocation. Doc. 10, at 1. It is now clear that Petitioner is actually seeking to have prison officials honor the Oklahoma Court of Criminal Appeals' (OCCA) decision to reverse his sentence revocation. Doc. 1.

Regarding Petitioner's initial habeas petition, Respondent now seeks dismissal on grounds that prison officials have already corrected his record, rendering Petitioner's petition moot. Doc. 17. Petitioner responded, Doc. 18, and the case is now at issue. The undersigned agrees with Respondent and recommends the court dismiss Petitioner's habeas petition as moot.[2]

## I. The undersigned's consideration of outside evidence.

Petitioner and Respondent attached exhibits to their pleadings. Docs. 4, 17. For the following reasons, the undersigned has considered these exhibits.

Respondent challenges the court's jurisdiction to rule on Petitioner's petition, attacking the facts upon which subject matter jurisdiction depends. Doc. 17, at 2-5. Under this "factual attack," the court "may not presume the truthfulness of the [petition's] factual allegations." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (explaining the distinction between "facial" and "factual" attacks on subject matter jurisdiction). Instead, the court "must make its own findings of fact." *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 836 (10th Cir. 2013) (citations omitted). In doing so, the court has "wide discretion" to rely on materials outside the pleadings and the "court's reference to evidence outside the pleadings does not convert the

---

[2] Because the undersigned finds the court lacks jurisdiction, she does not address Respondent's secondary argument regarding Petitioner's alleged nonexhaustion of administrative remedies. Doc. 17, at 5-6.

motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Holt*, 46 F.3d at 1003; *see also Castro*, 541 F. App'x at 836.

## II. Analysis.

### A. The mootness doctrine.

Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). So, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever to a prevailing party,'" the case becomes moot. *Id.* at 1213 (citation and internal quotations omitted).

Petitioner bears the burden to establish this Court has jurisdiction. *See Wilcox v. Aleman*, 43 F. App'x 210, 212 (10th Cir. 2002) (holding that a habeas "petitioner has the burden of demonstrating the existence of sufficient collateral consequences to save the action from the mootness death knell"). So, once Respondent factually attacked jurisdiction, Petitioner was required to "present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir. 2001) (citation omitted).

### B. Petitioner's sentence status.

In Case No. CF-2010-51, the Osage County district court convicted Petitioner of endeavoring to manufacture methamphetamine and sentenced him to twenty-years' imprisonment with all twenty years suspended. Doc. 4,

3

Ex. 1, at 1. In January 2013, the district court revoked the suspended sentence, *id.* at 2, and prison officials changed Petitioner's consolidated record card to reflect he was serving the twenty-year sentence concurrently with his other (unrelated) sentences. Doc. 17, Ex. 2. Petitioner appealed to the OCCA, and the State conceded Petitioner's primary argument. Doc. 4, Ex. 1, at 2. The OCCA reversed the sentence revocation on December 19, 2014. *Id.* at 1-3.

It appears prison officials initially misunderstood the OCCA's order and declined to amend Petitioner's record. Doc. 17, Ex. 6 (rejecting Petitioner's request to correct his record because the "J&S was affirmed"). Petitioner then filed the instant petition on August 6, 2015, seeking an order to correct his record. Doc. 1. Respondent presents evidence that prison officials thereafter corrected Petitioner's record on August 12, 2015, to show that the twenty-year sentence is suspended. Doc. 17, Exs. 2, 7.

### C.     Analysis.

Respondent argues that Petitioner's petition is moot because a judicial decision in Petitioner's favor cannot now redress any injury. Doc. 17, at 2-3. Petitioner's response is disorganized and difficult to comprehend, but it does not appear to the undersigned he acknowledges the prison's record correction or otherwise addresses the mootness question. *See* Doc. 18, at 1-7. So, based on the evidence, the undersigned finds this Court cannot grant Petitioner any

effectual relief, and recommends the court dismiss the habeas petition as moot.

**III. Notice of right to object.**

The undersigned advises the parties of their right to file an objection to this report and recommendation with the Clerk of this Court by October 19, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

ENTERED this 29th day of September, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE